United States District Court
Southern District of Texas

**ENTERED**

May 31, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY JAMES McGINTY, JR., | § | |
| SPN #01967082, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-1146 |
| | § | |
| BOB SOLIS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Timothy James McGinty, Jr. (SPN #01967082; former TDCJ #1154726), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), regarding an incident that occurred while he was confined as a detainee in the Harris County Jail. Because he is a prisoner who proceeds in forma pauperis, the court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize his claims and dismiss the case if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.  Background

McGinty has filed this prisoner civil rights lawsuit under 42 U.S.C. § 1983 against Bob Solis, who is a fellow detainee at the Harris County Jail.[1]  McGinty explains that he was in his cell on February 4, 2022, when he observed several officers speaking with Solis, who was reportedly having a "lovers quarrel" with another inmate in "Q cell."[2] When McGinty interjected and told the officers that the inmate in Q cell had thrown feces and urine on him the previous day, Solis told him to "shut up."[3] Solis then threw urine in McGinty's face.[4]

Arguing that he was traumatized and "[d]isrespected" by Solis, McGinty seeks monetary damages for the violation of his constitutional rights.[5] McGinty also asks for criminal charges to be filed against Solis for his actions.[6]

## II.  Standard of Review

Federal district courts are required by the PLRA to screen prisoner complaints to identify cognizable claims or dismiss the

---

[1]Complaint, Docket Entry No. 1, p. 3.  For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic case filing system, ECF.

[2]Id. at 4.

[3]Id.

[4]Id.

[5]Id.

[6]Id.

complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'"  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted).  "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

-3-

### III.   Discussion

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021) (citation omitted).  The alleged violation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982).  This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." Id.

McGinty cannot prevail on a claim under 42 U.S.C. § 1983 because he cannot show that Solis qualifies as a state actor. See Bryant v. Military Dep't of Miss., 597 F.3d 678, 686 (5th Cir. 2010) ("A person acts 'under color of state law' if he engages in the '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (citations omitted). Accordingly, McGinty's claim that Solis is liable for monetary damages for violating his civil rights is dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted.

-4-

To the extent that McGinty seeks to bring criminal charges against Solis, it is well established that decisions about "whether to prosecute or file criminal charges are generally within the prosecutor's discretion[.]" Gill v. State of Texas, 153 F. App'x 261, 262 (5th Cir. 2005) (per curiam); see also Lefebure v. D'Aquilla, 15 F.4th 650, 655 (5th Cir. 2021) ("It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch."). As a private citizen, McGinty does not have standing to initiate criminal prosecution against another private citizen. See Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). As a result, this claim is also legally frivolous.[7] Absent a viable claim, this action will be dismissed under the PLRA, 28 U.S.C. § 1915A(b).

## IV.   Conclusion and Order

Based on the foregoing, the court ORDERS as follows:

1.   The Prisoner Civil Rights Complaint under 42 U.S.C.

§ 1983 filed by Timothy James McGinty, Jr. (Docket

---

[7]Because McGinty lacks standing to seek criminal charges against Solis, this claim must be dismissed without prejudice. See Cano v. Garcia, — F. App'x —, 2022 WL 1548671, at *1 (5th Cir. May 16, 2022) (per curiam) (where a plaintiff lacks standing to assert his claims the dismissal of those claims is without prejudice).

-5-

Entry No. 1) is **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted.

2.   The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.   The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this the 31st day of May, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE